UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x
JOHN MAPP,

              Petitioner,

   -against-

UNITED STATES OF AMERICA,

              Respondent.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 1:95-cr-01162-FB

*Appearances*:
*For Plaintiff*:
MIA EISNER-GRYNBERG
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

*For Defendants*:
BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By:   SAMUEL P. NITZE
         Assistant U.S. Attorney

**BLOCK, Senior District Judge:**

John Mapp ("Mapp") moves under 28 U.S.C. § 2255 to vacate his sentence. He argues that it is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), because the Court enhanced his mandatory United States Sentencing Guidelines ("the Guidelines" or "U.S.S.G.") range based on the unconstitutionally vague residual clause of the Career Offender Guideline, U.S.S.G. § 4B1.2(1)(ii). For the reasons discussed below, the motion is granted.

# I

Mapp was charged in a thirteen-count superseding indictment with Hobbs Act robbery, Hobbs Act robbery conspiracy, bank robbery, using a firearm during a crime of violence, and murder in aid of racketeering. *United States v. Mapp*, 170 F.3d 328, 332 (2d Cir. 1999). At trial, the Government introduced evidence that he was a leader in a gang that carried out a series of robberies against business owners and operators in the early 1990s. The gang operated by entering banks and robbing the victims while they waited to deposit cash business proceeds. Of the five specific robberies identified at trial, three involved the shooting of the victim by Mapp's fellow participants. One of these caused the victim's death. The jury found Mapp guilty of Hobbs Act robbery, attempted Hobbs Act robbery, and attempted bank robbery. It failed to reach a verdict on the murder count and several of the robbery counts.[1] *Id.* at 331-33.

During the May 1999 sentencing proceeding, the Court initially calculated Mapp's Guideline range at 110 to 137 months. However, the Court applied the Career Offender Guideline, *see* U.S.S.G. § 4B1.1, based on Mapp's two prior New York convictions for second-degree robbery, for which he served concurrent terms of nine years' imprisonment. Sentencing Tr. at 36-37. The Career Offender enhancement resulted in an increased Guideline range of 262 to 327 months. *Id.* at 50. Finding by

---

[1] Mapp's codefendant, Kevin Moore, identified at trial as the shooter, was convicted on the murder count and sentenced principally to life imprisonment. *Mapp*, 170 F.3d at 330, 333.

2

clear and convincing evidence that Mapp was involved in the planning and execution of the robberies and murder on which the jury had failed to reach a verdict, the Court upwardly departed to a sentence of 450 months' imprisonment.[2] *Id.* at 81-85.

Mapp appealed, and the Second Circuit affirmed, rejecting Mapp's argument that the Court's upward departure was unreasonable. *Mapp*, 170 F.3d at 339. The Court denied Mapp's first § 2255 motion in 2001. In August 2016, the Second Circuit granted Mapp leave to file a successive § 2255 motion raising his present claims.

## II

**A. The Residual Clause of the pre-*Booker* Career Offender Guideline is Void for Vagueness under *Johnson*.**

Section 4B1.1 of the Guidelines imposes an enhanced offense level if, as relevant here, (1) the "instant offense" is a "crime of violence" and (2) the defendant has at least two prior felony convictions for a "crime of violence." U.S.S.G. § 4B1.1 (Nov. 1, 1990). A "crime of violence" is defined as:

> any offense under federal or state law punishable by imprisonment for a term exceeding one year that—
>
> (i) has as an element the use, attempted use, or threated use of physical force against the person of another, or
>
> (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious*

---

[2] Specifically, the Court imposed the statutory maximum term of 300 months for bank robbery. It imposed a consecutive term of 150 months for Hobbs Act robbery and a concurrent term of 150 months for Hobbs Act robbery conspiracy, both of which carried a statutory maximum of 240 months' imprisonment. Sentencing Tr. at 50, 84-85.

3

*potential risk of physical injury to another*.

*Id.* § 4B1.2(1). Clause (i) is commonly called the "force clause," while the italicized words in § 4B1.2(1)(ii) are known as the "residual clause." *United States v. Jones*, 878 F.3d 10, 15 (2d Cir. 2017).

Mapp's "instant offense" for Hobbs Act robbery qualified as a crime of violence under the force clause. *See United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018). However, his two prior convictions for second-degree robbery did not qualify as "crime[s] of violence" because, as discussed in the next section, second-degree robbery does not require "physical force." And § 4B1.2's residual clause is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).

In *Johnson*, the Supreme Court held that the identically-worded residual clause in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.[3] 135 S. Ct. at 2557. However, the Supreme Court recently held that the advisory Guidelines are not subject to a vagueness challenge "[b]ecause they merely guide the district courts' discretion . . . ." *Beckles v. United States*, 137 S. Ct. 886, 894 (2017).

Mapp's challenge presents a crucial distinction: his sentence was imposed before the Guidelines were made advisory by the Court's decision in *United States v. Booker*,

---

[3] The Court has considered the Government's many procedural arguments against Mapp's *Johnson* claim and finds them to be without merit. Mapp is relying on a new, substantive rule of constitutional law announced in *Johnson* and made retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Moreover, the Second Circuit has held that Mapp satisfied the successive requirements, and this Court may not disturb that holding.

543 U.S. 220, 245 (2005). The Seventh Circuit has distinguished *Beckles* in the case of pre-*Booker* application of the Guidelines, because—unlike the advisory Guidelines—the mandatory Guidelines "fix the permissible sentences for criminal offenses" and must therefore be sufficiently clear to provide notice and prevent arbitrary enforcement. *Cross v. United States*, 892 F.3d 288, 304-07 (7th Cir. 2018) (quoting *Beckles*, 137 S. Ct. at 892). This Court finds the Seventh Circuit's reasoning persuasive and holds that the residual clause of the mandatory Guidelines is unconstitutionally vague under *Johnson*. Mapp's prior second-degree New York robbery convictions therefore could not have qualified as "crime[s] of violence" under the residual clause.

The Government argues that *Johnson* does not apply because the mandatory Guidelines do not "fix minimum or maximum sentences in the same way that a federal statute does . . . ." Gov. Resp. at 13. However, as the Court recognized in *Booker*, the mandatory Guidelines were "binding on judges" and "ha[d] the force and effect of laws." *Booker*, 543 U.S. at 234.

The Government also relies on an Eleventh Circuit decision denying a successive motion to challenge the residual clause of the mandatory Guidelines. *See* Gov. Resp. at 11-13 (citing *In re Griffin*, 823 F.3d 1350, 1356 (11th Cir. 2016)). The Eleventh Circuit reasoned that even mandatory Guidelines were not subject to a vagueness challenge because "they do not establish the illegality of any conduct and

5

are designed to assist and limit the discretion of the sentencing judge." *In re Griffin*, 823 F.3d at 1354-55. Of course, the Second Circuit has reached the opposite result in the successive context, *see Blow v. United States*, 829 F.3d 170, 171 (2d Cir. 2016), as amended (July 29, 2016), as it did when it granted Mapp's successive motion in this case.

In any event, vagueness challenges are not limited to statutes that define illegal conduct; they also reach "laws that fix the permissible sentences for criminal offenses." *Beckles*, 137 S. Ct. 892. Before *Booker*, the Career Offender enhancement of § 4B1.2 did exactly that. Without the enhancement, Mapp faced a mandatory minimum sentence of 110 months and a maximum of 137 months. But with it, he faced a mandatory minimum of 262 months and a maximum, absent upward departure, of 327 months. Thus, due process required the mandatory Guidelines, which had the "force and effect of law[]," *Booker*, 543 U.S. at 234, to fix Mapp's permissible sentence with "sufficient clarity," *Beckles*, 137 S. Ct. at 192. They did not.[4]

---

[4] The availability or use of an upward departure does not change the Court's conclusion. First, the language of the residual clause is unconstitutionally vague on its face, not as applied to the facts of a particular case. *Johnson*, 135 S. Ct. at 2560-61. Second, the possibility of an upward departure does not affect the mandatory nature of the Guidelines because a departure is unavailable in most cases. *Booker*, 125 S. Ct. at 233-34. Finally, the Government has not demonstrated that the Court would have imposed the much larger upward departure required to reach 450 months had it not applied the Career Offender enhancement. *See Williams v. United States*, 503 U.S. 193, 202-03 (1992) (party favoring sentence bears burden of showing harmless error).

**B.  New York Second-Degree Robbery is Not a Crime of Violence Under the Force Clause.**

The Government argues that Mapp is not entitled to relief because his two second-degree robbery convictions satisfied § 4B1.2's force clause.  The Court disagrees.

To determine whether a particular offense is a "crime of violence," the Court applies a categorical approach, considering the minimum conduct that could support a conviction.  *See United States v. Jones*, 878 F.3d 10, 16 (2d Cir. 2017).  As used to define "crime of violence," physical force means "violent force—i.e., force capable of causing physical pain or injury to another person."  *(Curtis) Johnson v. United States*, 559 U.S. 133, 134 (2010)[5] (interpreting "physical force" in ACCA context); *see also United States v. Reyes*, 691 F.3d 453, 458 (2d Cir. 2012) (applying ACCA interpretation of "physical force" to § 4B1.2).  Thus, the Court must determine whether the minimal conduct covered by New York second-degree robbery involves the use, attempted use, or threatened use of physical force "capable of causing physical pain or injury to another person."

At a minimum, New York's second-degree robbery offense prohibits "forcibly steal[ing] property" when "aided by another person actually present."  N.Y. Pen. L. § 160.10(1).  Being "aided by another person actually present" does not involve any

---

[5] The Court refers to this case as *(Curtis) Johnson* to distinguish it from *Johnson v. United States*, 135 S. Ct. 2551 (2015), the 2015 case invalidating the residual clause.

use or threat to use force; the other person may merely drive the getaway car, *see People v. Casmento*, 546 N.Y.S.2d 375, 376 (N.Y. App. Div. 1st Dep't 1989), or act as a lookout, *see People v. Hamilton*, 980 N.Y.S.2d 463, 463 (N.Y. App. Div. 1st Dep't 2014).

Moreover, courts in this circuit have repeatedly held that "forcibly steal[ing] property," which is a requirement under all degrees of New York robbery, does not involve sufficient force. *See, e.g.*, *United States v. Moncrieffe*, 167 F. Supp. 3d 383, 405 (E.D.N.Y. 2016) (Weinstein, J.) ("A gentle push is enough under the state law, but not under federal law."); *United States v. Johnson*, 220 F. Supp. 3d 264, 272 (E.D.N.Y. 2016) (Cogan, J.) (New York third degree robbery, which requires only forcible stealing, does not involve violent force).[6] These decisions correctly reason that forcible stealing may be accomplished with minimal force, such as bumping a victim or forming a "human wall" to block the victim's pursuit of the thief. *See People v. Bennett*, 631 N.Y.S.2d 834, 834 (N.Y. App. Div. 1st Dep't 1995) (formation of human wall); *People v. Lee*, 602 N.Y.S.2d 138, 139 (N.Y. 1st Dep't 1993) (bumping victim and forcibly blocking pursuit). These acts do not constitute force capable of causing pain or injury. Because the minimum conduct covered by New York's second-degree

---

[6] The Second Circuit has held that subsections 3 and 4 of New York's *first-degree* robbery statute are categorically "violent felon[ies]" under the force clause of the ACCA. *See Stuckey v. United States*, 878 F.3d 62, 70 (2d Cir. 2017). However, it declined to consider whether all New York robberies satisfy the ACCA's force clause, implicitly recognizing that the question remained open. *Id.* at 67 n.6.

robbery statute does not involve violent force, the Court concludes that New York robbery in the second degree is not a "crime of violence" under the force clause of § 4B1.2.[7]

Based on the foregoing, Mapp did not have two prior convictions that qualified as "crime[s] of violence" and was improperly sentenced under the Career Offender Guideline.

## CONCLUSION

Mapp's § 2255 motion is granted. The Court will enter a separate scheduling order setting a date for a resentencing hearing. At the resentencing hearing, the Court will vacate Mapp's criminal judgment and, after hearing from the parties, resentence him.

**SO ORDERED**

    /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 3, 2018

---

[7] The Government also argues that New York robbery is a "crime of violence" under the enumerated offenses of U.S.S.G. § 4B1.2 Application Note 2. "Commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute." *Stinson v. United States*, 508 U.S. 36, 38 (1993). However, Application Note 2 interpreted the Career Offender Guideline *with* the residual clause. Without the residual clause, Application Note 2 no longer "interprets or explains a guideline" and is therefore not binding. *See United States v. Johnson*, 220 F. Supp. 3d 264, 273 (E.D.N.Y. 2016) (Cogan, J.) (citing *United States v. Sash*, 396 F.3d 515, 522 (2d Cir. 2005) (*Stinson* applies only to commentary that is "interpretive or explanatory in nature")).