UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN MAPP,

          Petitioner,

   -against-

UNITED STATES OF AMERICA,

          Respondent.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 1:95-cr-01162-FB

*Appearances*:
*For the Petitioner*:
MIA EISNER-GRYNBERG
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

*For the United States*:
RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By:   SAMUEL P. NITZE
        Assistant U.S. Attorney

**BLOCK, Senior District Judge:**

      Pending before the Court is the government's motion for reconsideration of the Court's August 3, 2018 order, Dkt. No. 150 (the "August 3 Order"), pursuant to Federal Rule of Civil Procedure 60(b)(6) or, in the alternative, Local Rule 6.3  *See* Dkt. No. 152.  The August 3 Order vacated defendant John Mapp's sentence.  The Court grants the government's motion and vacates the August 3 Order.

## PROCEDURAL BACKGROUND

      By way of background and due to the complex procedural posture of this motion, the Court supplies a timeline of key events.

1

- <u>May 7, 1997</u>:   Mapp was sentenced under the Career Offender Guideline based on two prior New York convictions for second-degree robbery.  *See* U.S.S.G. §§ 4B1.1, 4B1.2.  The Career Guideline calculation was a range of 262 to 327 months, and the Court imposed an upward departure, fixing a final sentence of 450 months.

- <u>2010 and 2015</u>:   The Supreme Court issued two decisions—coincidentally both named *Johnson v. United States*—which, *inter alia*, collectively had the effect of upending some prior career criminal sentences that had been based on predicate "crimes of violence."   559 U.S. 133 (2010) ("*Johnson I*"); 135 S. Ct. 2551 (2015) ("*Johnson II*").[1]   As a result, a flood of *habeas* petitions were filed across the country.   Mapp's was one such petition.

- <u>August 3, 2018</u>:   The Court granted Mapp's petition, holding that his prior New York robberies were not crimes of violence after *Johnson I* and *Johnson II*, and that his status as a career offender was thus improper.   The Court scheduled resentencing for October 3, 2018.

- <u>September 7, 2018</u>:   The Second Circuit issued an opinion in *United States v. Pereira-Gomez*, 903 F.3d 155 (2d Cir. 2018), holding that New York robbery in any degree is as a "crime of violence" as defined in U.S.S.G. § 2L1.2.   Although the applicable Guidelines provision for Mapp was § 4B1.2, and not § 2L1.2 as in *Pereira-Gomez*, the provisions use similar language and opinions interpreting one provision sometimes cite cases interpreting the other.   *See, e.g.*, *United States v. Guerrero*, 910 F.3d 72, 76–77 (2d Cir. 2018).

- <u>September 14, 2018</u>:   The government filed the pending motion for reconsideration of the August 3 Order in light of *Pereira-Gomez*.   Mapp filed a response asking the Court to stay pending the issuing of the mandate in *Pereira-Gomez* and the disposition of a then-pending Supreme Court case called *Stokeling v. United States*, which concerned a similar issue regarding a Florida robbery statute.   The Court issued a stay on October 3, 2018.

- <u>October 23, 2018</u>:   The Second Circuit issued the mandate in *Pereira-Gomez*.

- <u>January 15, 2019</u>:   The Supreme Court ruled on *Stokeling v. United States*, 139 S. Ct. 544 (2019), holding that the Florida robbery statute was a crime of violence.

- <u>February 25, 2019</u>:   The Second Circuit issued an opinion in *United States*

---

[1] This change in the law was made retroactively applicable on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016).

*v. Moore*, 916 F.3d 231 (2d Cir. 2019), which, citing *Stokeling* and *Pereira-Gomez*, held that New York robbery in the third degree was as a "crime of violence" under § 4B1.2.

**DISCUSSION**

The parties agree that after *Pereira-Gomez*, *Stokeling*, and *Moore*, Mapp's prior New York second-degree robbery convictions qualify as "crimes of violence," and that the August 3 Order's reasoning to the contrary is no longer good law. They disagree, however, as to what that means for Mapp's resentencing.

Mapp argues that the August 3 Order should stand because neither Rule 60(b)(6) nor Local Rule 6.3 provides a valid basis for reconsideration. The only thing that has changed since August 3 is an intervening change in the law, which, absent extraordinary circumstances, is not a basis for relief under Rule 60(b)(6). *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Travelers Indem. Co. v. Sarkisan*, 794 F.2d 744, 757 (2d Cir. 1988). As for Local Rule 6.3, reconsideration is appropriate by its own terms when the Court "overlooked" a case, which is not the case here. Accordingly, Mapp argues, the resentencing should proceed, where a new sentence would be imposed under current law, including not only the intervening decisions but also the current version of the Sentencing Guidelines.[2]

---

[2] Crucially, Mapp contends that under the current version of the Guidelines (as opposed to the version that was in effect in 1997), the New York robberies would be counted as one crime for sentencing purposes. Thus, although he would still have committed a prior crime of violence, the *number* of crimes will have changed (from two to one), rendering him no longer a career criminal for sentencing purposes. The Court expresses no opinion on the merits of this argument.

3

The Court rejects Mapp's argument. By its own terms, the August 3 Order was incomplete. It concluded by saying that "[a]t the resentencing hearing, the Court *will vacate Mapp's criminal judgment* and, after hearing from the parties, resentence him." August 3 Order at 9 (emphasis added). Thus, as of this moment, Mapp's original judgment and sentence remain standing. The August 3 Order was not a "final" order as that term is generally understood. *Accord Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."). Here, there *was* something for the Court to do—resentence Mapp, which was the primary relief he was seeking. Thus, because the order was not final, Rule 60(b)(6) is inapposite.

In arguing that Rule 60(b)(6) is an inappropriate vehicle, Mapp suggests that the government may proceed by appeal. *See* Dkt. 156 at 3 ("The Circuit squarely held [in *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754 (2d Cir. 1986)] that recourse from a change in decisional law is by appeal, not a Rule 60(b)(6) motion for reconsideration."). As "[i]t is well-established that a district court may not alter an imposed sentence, except in narrow circumstances," *United States v. Kyles*, 601 F.3d 78, 83 (2d Cir. 2010), the government would be able to appeal any new sentence the Court would impose because it would be "imposed in violation of law." *See* 18 U.S.C. § 3742(b)(1). Imposing a new sentence in the face of this new decisional authority would be a waste of judicial resources.

Finally, Mapp points out that the at the time of the August 3 Order, "various

4

defendants had been released from prison or received sentence reductions on the basis of district court holdings that New York robbery was not a crime of violence, absent any then-contrary precedent." Dkt. 156 at 3. He is not among them "only because of 'timing quirks.'" *Id.* (quoting *United States v. Jones*, 878 F.3d 10, 24 (2d Cir. 2017) (Calabresi and Hall, JJ., concurring)). However, the Court notes that at this juncture, his primary argument for resentencing has nothing to do with the law that had been available to him when the August 3 Order was issued but is unavailable now. Rather, he is trying to bootstrap the *fact* that that argument was available then to now make an entirely different argument—one that is itself based on a change in intervening law (an amendment to the Sentencing Guidelines that is more favorable to him, *see supra* note 2). Mapp is not entitled to ignore one change in decisional authority to take advantage of another.

## CONCLUSION

The government's motion is granted and the August 3 Order is vacated.

**SO ORDERED**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 9, 2019

5