UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
UNITED STATES OF AMERICA

   -v-                                          **MEMORANDUM AND ORDER**
                                                  Case No. 95-cr-01162 (FB)

JOHN MAPP,

--------------------------------------------------x

Appearances:

*For the Defendant*:                                   *For the United States of America:*
MIA EISNER-GRYNBERG                        SAMUEL NITZE
Federal Defenders of New York              U.S. Attorney's Office, E.D.N.Y.
One Pierrepont Plaza                                   271 Cadman Plaza East
Brooklyn, NY 11201                                     Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

       John Mapp is incarcerated at FCI Otisville on a 450-month sentence for his role in a series of robberies between 1990 and 1991. He is eligible for transfer to a halfway house in August 2025, after which he faces a five-year term of supervised release. Mapp moves under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), for compassionate release and a reduction of his term of imprisonment to time-served and the commencement of his five-year period of supervised release. The Court held oral argument on June 11, and for the following reasons now grant's Mapp's motion.

                                                     * * *

       The First Step Act should not be construed as a vehicle for resentencing a convicted criminal, but it does recognize that a sentence once imposed is not immutable and that changed circumstances during a period of incarceration can support a recalculation of the sentence if those circumstances rise to the level of

"extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Moreover, the court must be satisfied that the defendant "is not a danger to the safety of any other person or to the community." Sentencing Guideline § 1B1.13. The court must also weigh the prospect of release against the interests of continued incarceration— namely, deterrence, punishment, and incapacitation. *See* 18 U.S.C. § 3553(a). Thus, the Act incorporates a sense of compassion and humanity not previously embraced by the federal criminal justice system. *Accord* Copeland *United States v. Copeland*, --- F. Supp. 3d ---, 2020 WL 2537250, at *2 (E.D.N.Y. May 19, 2020) ("Compassionate relief matters. It matters so that courts may account for tragically unforeseeable events" and "when continued incarceration would be greater than necessary to achieve the ends of justice." (internal quotation omitted)).

Of course, such recalculations should only be employed if the court makes proper findings to satisfy those prerequisites. Notwithstanding the appropriately harsh sentence that the Court initially rendered, Mapp's changed circumstances meet this new "compassionate release"[1] test for the following reasons:

---

[1] The term "compassionate release" **Error! Main Document Only.**draws from the title of the First Step Act section that amended 18 U.S.C. § 3582(c)— "Increasing the Use and Transparency of Compassionate Release"—and from the Bureau of Prisons' pre-First Step Act "Compassionate Release/Reduction in Sentence" program, *see* Program Statement 5050.49. Before the First Step Act, early release under the BOP's compassionate release program was available only if an inmate requested it from the BOP, and the BOP agreed to file a motion with the court requesting that inmate's release.

1.  Mapp has been rehabilitated. In the twenty-six years Mapp has spent behind bars, he earned his GED, participated in and subsequently led rehabilitative programs for other inmates, and maintained work assignments at all times. The Government's own submission acknowledges Mapp has a "model prison record." Gov't Opp'n Ltr. at 7. Correctional staff, including Mapp's case manager and long-time correctional counselor, have commended Mapp as a "model inmate":

- Mapp's correctional counselor, J. Scelba, submitted a letter stating

  I have known and supervised [Mapp] over the past 20yrs at two federal institutions and he has always been respectful with staff and other inmates. He follows the rules and regulations and provides help to staff, if needed. He is a model inmate, who assists other newly arriving inmates. . . . He continuously programs and educates himself to improve himself and plan for future reentry. Mr. Mapp participates regularly in education and recreation programs with several hundred credit hours of participation. Mr. Mapp maintains good family and community ties, through his regular visitations, phone, email, and mail.

- Mapp's case manager, Victor Gil, likewise wrote

  I have known Mr. John Mapp for approximately fifteen years [and] have been his case manager for over two years. He has proved to be a very respectful individual. . . . He has continually enrolled in programs as both a facilitator and participant. Mr. Mapp has shown by his strong family support and his genuine desire to return to the community that he can be a good citizen. Re-establishing his involvement in his family and re-integrating into society are paramount to his success. I believe he will succeed.

In addition, drug-treatment specialist Eleni Dariotis lauded Mapp's "very active" participation in educational and rehabilitation programs, noting that Mapp "displayed [an] eagerness and wiliness" to learn and better himself through those

courses. Similarly, psychology-services provider Dr. Bowe reflected that in thirteen years of knowing Mapp, "[Mapp] has always been polite and respectful," "has always made himself available to help when needed," and "has shown good participation in groups and appears to be sincere in his desire to return to the community where he can be a good citizen and become more involved with his family again." Mot. Ex. I.

2. Also, the past quarter-century has seen Mapp develop a host of medical ailments, including hypothyroidism (diagnosed in 2008), latent tuberculosis infection (diagnosed in 2010), hyperlipidemia (diagnosed in 2015), enlarged prostate with elevated prostate specific antigen (diagnosed in 2015), and alopecia areata, an autoimmune disorder (diagnosed in 2016).

The United States Sentencing Guidelines provide that compassionate release may be warranted if a defendant "suffer[s] from" a "deteriorating physical or mental health because of the aging process" that "substantially diminishes" their ability "to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Application Note 1(A). Mapp's medical conditions, coupled with the emergence and rapid spread of COVID-19 at federal

correctional facilities like FCI Otisville "substantially diminish[]" his ability to "provide self-care within the environment of a correctional facility."[2]

3. Any risk that Mapp might recidivate, already minimized by his age and health, is further mitigated by the supportive and stable environment to which Mapp will be released. Mapp will reside with his sister in Brooklyn and be looked after by his adult sons—one of whom works for United States Postal Service and the other for the New York Public Library—and by his niece, an attorney in the New York City Mayor's Office. Mot. Exs. J, K, L. Additionally, Mapp has secured employment as window installer with Level Windows & Doors LLC upon his release. Mot. Ex. H.

In respect to Mapp's supervised release, the Court re-imposes all of the conditions that it imposed at his sentence. In addition, it now imposes a special condition of 24-hour home confinement to be enforced by location monitoring, using specific technology to be determined by the Probation Department. Mapp may leave his residence to work for Level Windows & Doors LLC, and for necessary medical services upon notice to the Probation Department. Any other leave must be approved by the Probation Department.

---

[2] As of June 18, 2020, the Federal Bureau of Prisons confirmed at least 44 positive cases of COVID-19 among staff and inmates at FCI Otisville. *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (19 active cases). The results of many more tests are sill pending.

* * *

For the foregoing reasons, Mapp's motion for compassionate release under the First Step Act is granted.  18 U.S.C. § 3582(c)(1)(A)(i).

**SO ORDERED**.

    /S/ Frederic Block    
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 19, 2020